UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>JOHN L. CABRAL, JANET M. CABRAL, STATE OF CALIFORNIA FRANCHISE TAX BOARD, STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, SAN JOAQUIN VALLEY HAY GROWERS ASSOCIATION, C. L. BRYANT, INC., DISCOVER BANK, NATIONAL CREDIT ACCEPTANCE, INC., COUNTY OF MERCED, DCSS,<br><br>      Defendants. | 1:07-cv-1741 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 11/21/08<br><br>Non-Dispositive Motion Filing Deadline: 12/10/08<br><br>Dispositive Motion Filing Deadline: 12/19/08<br><br>Settlement Conference Date: 12/9/08 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date: 3/2/09 11:00 Ctrm. 3<br><br>Trial Date:  4/14/09 9:00 Ctrm. 3 (CT-2 days) |

I.   Date of Scheduling Conference.

   May 9, 2008.

II.  Appearances Of Counsel.

   Aaron M. Bailey, Esq., Trial Attorney, Tax Division, appeared on behalf of Plaintiff.

   Richard Walton, Esq., and Carl M. Faller, Esq., appeared on behalf of Defendant John L. Cabral.

   Janet M. Cabral did not appear.

1

Molly Kathryn Mosley, Esq., appeared on behalf of the State of California, Franchise Tax Board and State of California, Employment Development Department.

David De-Ben Cheng, Esq., appeared on behalf of Defendant San Joaquin Valley Hay Growers Association.

Cathleen Anne Cowin, Esq., appeared on behalf of Defendant C.L. Bryant.

Defendants, Discover Bank, National Credit Acceptance, Inc., and County of Merced, DCSS, did not appear.

III.  Summary of Pleadings.

**Plaintiff**:

1.   The United States alleges that John Cabral and Janet Cabral failed to file income tax returns during the 1996 tax year.  The Internal Revenue Service assessed taxes, penalties and interest associated with this tax liability subsequent to an audit.  Complaint at ¶¶ 12-19.  The Cabrals did not cooperate with the audit.  Further, John Cabral failed to collect and pay employment taxes during the 1997 and 1998 tax years.  Those liabilities are detailed in paragraph 13 of the Complaint.  The United States now seeks to reduce these assessments to judgment and foreclose tax liens on the real property of the Cabral Defendants.  Complaint at ¶ 11.

**Defendants, State of California Employment Development Department (EDD) and State of California Franchise Tax Board (FTB)**:

2.   EDD alleges that it holds valid state tax liens filed pursuant to § 7171 of the California Government Code against all real or personal property, including all after-acquired property

2

and rights to property, belonging to Defendant John Cabral and/or John Cabral Farms for unpaid tax liabilities imposed under the provisions of the California Unemployment Insurance Code.  These liabilities are detailed in paragraphs 10 through 13 of EDD's Answer.

3.  FTB alleges that it holds valid state tax liens filed pursuant to § 7171 of the California Government code against all real or personal property, including all after-acquired property and rights to property, belonging to Defendant John Cabral for unpaid tax liabilities imposed under the provisions of the California Revenue and Taxation Code.  These liabilities are detailed in paragraphs 10 through 13 of FTB's Answer.

4.  Both EDD and FTB further allege that the United States Internal Revenue Service, State of California Board of Equalization, FTB, and EDD have an agreement to compare statutory lien dates to determine priority for payment on competing liens. A summary of the statutory lien dates is set forth in FTB's Answer at paragraph 12.

**Defendant C.L. Bryant:**

5.  C.L. Bryant, Inc. is a company that provided goods to Cabral Trucking and obtained a judgment for non-payment against Cabral Trucking and also John L. Cabral, Jr. and Janet Cabral based on personal guarantees, C.L. Bryant, Inc. subsequently filed an abstract of judgment filed in favor of C.L. Bryant, Inc. and against John L. Cabral, Jr. and Janet Cabral, both individually and d/b/a John Cabral Trucking in June 2000 for the sum of $7,662.14 plus interest thereon (i.e., currently equaling $13,556.74 as of February 26, 2008).  It appears that the

judgment lien is superior to all or a majority of the tax liens. It is understood by C.L. Bryant, Inc. that it is believed at this time that there will be sufficient funds available to pay all of the money owed to C.L. Bryant, Inc.

**Defendant San Joaquin Valley Hay Growers Association:**

6. San Joaquin Valley Hay Growers Association sold hay to John Cabral and Cabral Farms for which the latter two never paid. Accordingly, San Joaquin Valley Hay Growers Association filed an action against John Cabral and Cabral Farms in 1996 and obtained a stipulated judgment in the amount of $100,000 in August 1999. San Joaquin Valley Hay Growers Association recorded an abstract of judgment on October 4, 1999.

IV.  Orders Re Amendments To Pleadings.

1.  The parties do not anticipate amending the pleadings at this time.

2.  John Cabral proposes to file his answer by May 12, 2008.  There has been no response to the Complaint from Defendants Janet M. Cabral, Discover Bank, National Credit Acceptance, Inc., County of Merced, DCSS.  Plaintiff, United States, indicates its intent to seek defaults against non-responding parties.

3.  The parties do not currently anticipate joining third parties.

V.  Factual Summary.

A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.  John M. Cabral is the taxpayer named in the complaint.

4

2.   John M. Cabral was married to Janet Cabral at the times relevant and alleged in the Complaint.

3.   The Internal Revenue Service assessed taxes, penalties and interest associated with alleged tax liability following an audit for the 1996 tax year.  The government further alleges that John Cabral failed to collect and pay employment taxes during the 1997 and 1998 tax years.

4.   The United States seeks to reduce its assessments to judgments and to foreclose tax liens on the real property of the Cabral Defendants.

5.   EDD claims valid tax liens under California Government Code § 7171 against the real or personal property or after-acquired property and rights to preserve property owned by John Cabral and/or John Cabral Farms for alleged unpaid tax liabilities imposed by the California Unemployment Insurance Code.

6.   The Franchise Tax Board claims tax liens under § 7171 of the California Government Code against all real or personal property including after-acquired property and rights to property owned by John Cabral for alleged unpaid tax liabilities imposed under the California Revenue and Taxation Code.

7.   The United States, Plaintiff, and Defendants, California Board of Equalization, FTB and EDD, have agreed to compare their statutory lien claims by date to determine priority in time for payment of their competing liens.

8.   Defendant C.L. Bryant provided goods to Cabral Trucking and obtained a judgment for non-payment against Cabral Trucking and John L. Cabral, Jr., and Janet Cabral based on their

1  personal guarantees.

2         9.    C.L. Bryant has abstracted his judgments against John L. Cabral, Jr., and Janet Cabral individually and dba John Cabral Trucking in June of 2000 in the sum of $7,662.14 plus interest; alleging a currently due balance of $13,556.74 as of February 26, 2008.

         10.   C.L. Bryant claims that its judgment lien has priority over the majority of tax liens.

         11.   C.L. Bryant believes there will be sufficient funds to pay all money claimed by C.L. Bryant, Inc.

         12.   Defendant San Joaquin Valley Hay Growers Association sold hay to John Cabral and Cabral Farms for which it is unpaid.

         13.   San Joaquin Valley Hay Growers Association filed a lawsuit against John Cabral and Cabral Farms in 1996 and obtained a stipulated judgment in the amount of $100,000 in 1999.

         14.   San Joaquin Valley Hay Growers Association recorded its abstract of judgment on October 4, 1999.

    B.   Contested Facts.

         1.    The nature and amounts of the claims of all parties claiming liability from any Defendant who is alleged to owe money for tax or commercial claims or claims of any kind or nature.

         2.    Whether and to what extent liens have been claimed and perfected.

         3.    The priority of any such liens.

         4.    The amount of recovery to which, if any, the claiming parties are entitled.

6

VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1331 and 26 U.S.C. § 6672 et seq.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    The parties agree that to the extent applicable, the substantive law of the State of California provides the rule of decision as to priority claims that are non-Federal.

        4.    The parties agree that applicable Federal laws at issue in the case include 26 U.S.C. §§ 6672, 7401-7403 and Subtitle A.

    B.    Contested.

        1.    Whether and to what extent Defendants John and/or Janet Cabral owe sums to any party in the action.

        2.    Whether and to what extent lien claims have been advanced and perfected.

        3.    The relative priority of all lien claims.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.   Discovery Plan and Cut-Off Date.**

   1.   The parties shall file their initial disclosures under Rule 26(a)(1) on or before June 2, 2008.

   2.   The parties are ordered to complete all discovery on or before November 21, 2008.

   3.   The parties are directed to disclose all expert witnesses, in writing, on or before August 22, 2008.  Any rebuttal or supplemental expert disclosures will be made on or before September 5, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

   4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

**X.   Pre-Trial Motion Schedule.**

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 10, 2008, and heard on January 16, 2009, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

   2.   In scheduling such motions, the Magistrate

8

Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

     3.   All Dispositive Pre-Trial Motions are to be filed no later than December 19, 2008, and will be heard on January 26, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

     1.   March 2, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

     2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

     3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

     1.   April 14, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

     2.   Defendant John Cabral has not responded.  No other party has requested a jury trial to date.

     3.   Counsels' Estimate Of Trial Time:

        a.   2 days.

4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

1.   A Settlement Conference is scheduled for December 9, 2008, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly

10

marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5. The Confidential Settlement Conference Statement shall include the following:

        a. A brief statement of the facts of the case.

        b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c. A summary of the proceedings to date.

        d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e. The relief sought.

        f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. None.

XV. Related Matters Pending.

    1. There are no related matters.

XVI. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal

Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.   Effect Of This Order.

1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   May 14, 2008                         /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE