UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>JOHN L CABRAL, *et al.*,<br><br>             Defendants. | 1:07-CV-01741-OWW-DLB<br><br>MEMORANDUM DECISION GRANTING DEFENDANT CALIFORNIA FRANCHISE TAX BOARD AND CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT'S MOTION TO DISMISS CABRAL'S FIRST AMENDED CROSS-CLAIMS (Doc. 54) AND GRANTING PLAINTIFF UNITED STATES'S MOTION TO DISMISS CABRAL'S FIRST AMENDED COUNTERCLAIMS (Doc. 57) |

## I. INTRODUCTION

Before the court for decision are motions to dismiss Defendant John L. Cabral's amended cross claims/counterclaims against Defendant California Franchise Tax Board ("FTB") and California Employment Development Department ("EDD") and Plaintiff United States for lack of subject matter jurisdiction. Oral argument was heard on November 10, 2008.

Cabral's counsel filed a separate motion to withdraw, (Doc. 60), which will be heard at the same time as the pending motions to dismiss and are treated in a separate memorandum decision.

1

## II. BACKGROUND

### A. United States' Complaint.

The United States filed a complaint on November 30, 2007, pursuant to 26 U.S.C. §§ 7401, 7403, to reduce to judgment outstanding federal tax assessments against Defendants Cabral and Janet M. Cabral, and to foreclose federal tax liens arising from federal tax liabilities against two parcels of property owned by Cabral and Janet M. Cabral, located in Stanislaus County. (Doc. 1, Complaint, at ¶¶ 2, 3.) Cabral and Janet M. Cabral are husband and wife, jointly holding title to the two parcels of real property. (*Id.* at ¶6.)

The United States' alleges that it sent and made timely notice and demands of tax assessments to Defendant Cabral, which Defendant Cabral has neglected, failed, or refused to pay. (*Id.* at ¶¶ 14, 15.) In its first cause of action, the United States seeks to reduce to judgment the amount outstanding, the total balance which, including accrued interest and penalties through August 1, 2007, is $1,989,497.90. (*Id.* at ¶ 15.) Plaintiff seeks the same recovery from Defendant Janet M. Cabral in its second cause of action, for a total amount outstanding as of August 1, 2007, of $1,763,947.42. (*Id.* at ¶¶ 16-19.) In its third cause of action, the United States seeks to foreclose its alleged federal tax lien on the parcels of real property. (*Id.* at ¶23.)

FTB and EDD, among others, are named as Defendants in the suit because the United States' asserts they may claim an interest in the property against which the United States seeks to foreclose its tax liens. (*Id.* at ¶10.)

B.  **Defendant Cabral's Initial Counterclaims/Crossclaims**.

Defendant Cabral initially alleged two counterclaims/ cross claims against the United States and FTB/EDD for (1) wrongful lien under 28 U.S.C. § 2410, (Doc. 27 at ¶¶ 6-15); and (2) wrongful levy under 26 U.S.C. § 7426(a), (*Id.* at ¶¶ 16-19).  The United States and FTB/EDD moved to dismiss Cabral's counterclaims/ cross claims.  (Docs. 29 at 41.)  Both motions were granted on August 14, 2008, although Cabral was permitted leave to amend.  (Doc. 50 ("the August 14, 2008 Decision").)

C.  **Cabral's Amended Counterclaims/Cross Claims**.

Cabral filed an Amended Answer on August 26, 2008, which contained amended counterclaims/ cross claims against the United States and FTB/EDD for (1) wrongful lien under 28 U.S.C. § 2410, and (2) wrongful levy under 26 U.S.C. § 7426 .  (Doc. 53.)  The United States and FTB/EDD again move to dismiss.  (Docs. 54 and 57.)  Cabral opposes the United States' motion, (Doc. 66.), but filed no opposition to FTB/EDD's motion.  The United States and FTB/EDD replied.  (Docs. 67 and 68.)

III.  **STANDARDS OF DECISION**

A.  **Motion to Dismiss for Lack of Subject Matter Jurisdiction**.

Rule 12(b)(1), Federal Rules of Civil Procedure, provides for dismissal of action for "lack of jurisdiction over the subject matter."  Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th

3

Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-969 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004), *cert. denied,* 544 U.S. 1018 (2005):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

373 F.3d at 1038. "If the challenge to jurisdiction is a facial attack, *i.e.*, the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High School,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004); *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.

1988), *cert. denied*, 489 U.S. 1052 (1989).

### B. <u>Sovereign Immunity</u>.

The United States, as a sovereign, is immune from suit unless it has waived its immunity. *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *United States v. Mitchell,* 445 U.S. 535, 538 (1980). A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). A waiver of sovereign immunity must be unequivocally expressed. *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). The Government's consent to be sued must be construed strictly, in favor of the sovereign. *Id.*

### C. <u>Eleventh Amendment Immunity</u>.

The Eleventh Amendment provides:
> The Judicial power of the United States shall not be construed to extend to any such suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by the Citizens or Subjects of any Foreign State.

U.S. Const., Amd. XI. The Eleventh Amendment bars suits by private litigants for damages or retrospective injunctive relief in federal court in which a state is named as a defendant. *See Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995). "[T]he reference to actions 'against one of the United States'

5

encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997).

## IV.   DISCUSSION

### A.   FTB/EDD's Unopposed Motion to Dismiss.

FTB/EDD move to dismiss Cabral's crossclaims for wrongful lien under 28 U.S.C. § 2410 and wrongful levy under 26 U.S.C. § 7426(a).  Pursuant to these statutes, Cabral asks the district court to set aside FTB/EDD's tax liens as to him individually. (Doc. 53 at 7.)  Cabral filed no opposition to FTB/EDD's motion to dismiss.  The failure to oppose a duly noticed motion concedes the right to oppose or argue at the hearing on the merits.  E.D. Cal. Local Rule 78-230(c).

FTB/EDD argue that the doctrine of sovereign immunity bars these claims because Cabral does not allege any waiver of sovereign immunity.  Alternatively, FTB/EDD argue that the district court lacks jurisdiction over Cabral's claims because of the Tax Injunction Act, which provides as follows:

> The district courts shall not enjoin, suspend or restrain the assessments levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.  California's tax refund remedy has been held to be a "plain, speedy and efficient" remedy under the Act. *Jerron West, Inc. v. State of Cal. State Bd. of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997).

These arguments, both of which are unopposed, are valid

6

grounds for dismissal.  FTB/EDD's motion to dismiss is GRANTED WITH PREJUDICE.  The district court need not address FTB/EDD's other, alternative arguments.

     B.    <u>The United States' Motion to Dismiss.</u>
           1.    <u>Wrongful Lien (28 U.S.C. § 2410)</u>.

The Quiet Title Act provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter-(1) to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 29 U.S.C. § 2410(a).  Pursuant to this provision, the United States may be joined as a party to a quiet title action affecting property upon which it claims a tax lien.  *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990).  However, "[a] taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment."  *Id*.  Rather, "the taxpayer may only contest the procedural validity of a tax lien."  *Id*.  Where a plaintiff alleges that an IRS lien is invalid because the IRS failed to send him a valid notice of assessment and demand for payment, a section 2410(a) claim may exist.  *Id*.

Here, Cabral alleges just such a procedural failure:

> 10. ***
>
> > A. Defendant and counterclaimant Cabral alleges that he never received written notice of lien pursuant to 26 U.S.C. § 6320(a)(1), nor did he ever receive written notice of Plaintiff United States intent to levy, or his rights to a collection due process hearing, pursuant to 26 U.S.C. § 6330(a)(1). Plaintiff United States has offered no evidence that it provided such notice other than a declaration made by an employee of

>   the Internal Revenue Service ( IRS ) in Ogden, Utah, accompanied by summary IRS documents that give no indication where or how notices were supposedly provided to Cabral. Indeed, the summary documents state that the supposed notices were undeliverable as refused/unclaimed. Further, Plaintiff United States has not provided copies of postal form 3877 certifying that any such notices of deficiency had been mailed.
>
>   B. Cabral alleges that he did not receive any notices from the IRS, and the documents provided by the United States confirm that they were not delivered.
>
>   C. 26 U.S.C. § 6330(a)(2) provides, in pertinent part, that notices required thereunder be:
>
>>   (a) given in person;
>>
>>   (b) left at the dwelling or usual place of business of such person; or
>>
>>   (c) sent by certified or registered mail, return receipt requested, to such person s last-known address...
>
>   D. There is no evidence as to what, if any, method of delivery was employed, nor that Cabral s last-known address was used in the purported delivery by the United States.
>
>   E. Failure to effect proper delivery of notice pursuant to 26 U.S.C. § 6330 constitutes a procedural flaw in the collection process which the United States seeks to enforce herein.

(Doc. 53 at ¶10.)

Rather than challenging the substance of Cabral's section 2410 counterclaim, the United States argues, as it did in the first round of motions to dismiss, that Cabral has failed to satisfy the express statutory pleading requirements, the satisfaction of which are necessary to waive the United States' sovereign immunity. As the district court explained in its August 14, 2008 Decision.

>   Section 2410(b) requires a claim sought under it to "set forth with particularity ... [1] the name and

>    **address of the taxpayer whose liability created the lien and, [2] if a notice of the tax lien was filed, [3] the identity of the internal revenue office which filed the notice, and [4] the date and place such notice of lien was filed. 28 U.S.C. § 2410(b). Defendant argues the claim should be dismissed on the ground that the Cabral fails to allege facts with specificity as required by the statute. A valid waiver of sovereign immunity is unflinchingly strict. A statute setting forth a waiver must be construed strictly in favor of the sovereign.** *Department of Army v. Blue Fox, Inc.*, **525 U.S. 255, 261 (1999).**

(Doc. 50 at 15-16.) Cabral's original counterclaim was dismissed with leave to amend in part because of his failure to comply with this pleading requirement.

With respect to the pleading requirements, Cabral maintains that he does not have copies of the tax liens he wishes to challenge because these documents are "controlled by the Government," (Doc. 66. at 3), and therefore he cannot "state with specificity ... the nature of the tax liens filed, the office of the IRS that filed them, or the date and place the notice of lien was filed." (Doc. 53 at ¶9.) Cabral's amended wrongful lien claim alleges in pertinent part:

>    **9. Mr. Cabral does not have copies of the tax liens in question and cannot therefore state with specificity beyond that contained in the Complaint the nature of the tax liens filed, the office of the IRS that filed them, or the date and place the notice of lien was filed. For these reasons, he believes that he has met the jurisdictional requirements of 28 U.S.C. § 2410 so far as is reasonably possible. Mr. Cabral believes the Taxpayer responsible for these tax debts is Janet M. Cabral, residing at 3509 South Soderquist Road, Turlock, California 95380, and is presently seeking information sufficient to satisfy the other requirements of section 2410.**
>
>                        **\*\*\***
>
>    **10.              \*\*\***
>
>    **F. Because he does not have access to necessary records, Cabral is unable at this time to satisfy**

9

> the jurisdictional requirements of 28 U.S.C. § 2410, in that he does not have copies of the tax liens in question and cannot therefore state with specificity beyond that contained in the Complaint the nature of the tax liens filed, the office of the IRS that filed them, or the date and place the notice of lien, if any, was filed.
>
> ***

(Doc. 53 at ¶¶ 6-10.)

The Quiet Title Act affords no exception for a pleading party's failure to procure the relevant liens, which are readily available public records. Cabral's argument that the liens are "controlled by the Government" is without merit.

Cabral alternatively argues that he has pled his wrongful lien claim with sufficient particularity because he has provided the name and address of the individual whose liability created the lien, namely his then-spouse Janet M. Cabral. But, where "notice of the tax lien was filed," the complaint must also state "the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." 28 U.S.C. § 2410(b). Cabral appears to assert that he is not required to set forth with particularity information pertaining to the lien itself because he alleges that he never received notice of its existence. Cabral cites no authority in support of this assertion.

Moreover, the United States has presented undisputed evidence through the Declaration of Lauren Castaldi, attached to the United States' reply brief in the first round of motions to dismiss (Doc. 48), that refutes Cabral's claim of procedural invalidity of the lien. The district court summarized this evidence in the August 14, 2008 order:

> The United States argues in its Reply that Cabral received the requisite statutory notice and provides a declaration by Lauren Castaldi, a United States Attorney with the United States Department of Justice, Tax Division. (Doc. 48, Reply, Castaldi Decl.) Attached to Ms. Castaldi's declaration are Exhibits 1 - 3, copies of Form 4340, Certificate of Assessments, Payments and Other Specified Matters for John Cabral. (*Id.* at Exhibits 1-3.) <u>Ms. Castaldi states in her declaration that the exhibits of Forms 4340 indicate that Statutory Notices of Balance Due were issued on July 19, 2004, November 27, 2006, May 11, 1998, May 8, 2006, December 22, 1997 and May 8, 2006 for the various tax periods in which taxes were owed</u>. (Castaldi Decl., ¶¶ 2-4.) <u>IRS Form 4340 along with Form 3387 has been held in the Ninth Circuit as constituting valid evidence of a taxpayer's assessed liabilities and IRS's notice thereof</u>. *Hughes v. U.S.*, 953 F.2d 531, 535 (9th Cir. 1992)("The IRS submitted Certificates of Assessments and Payments (Form 4340) as proof that assessments had been made. Official certificates, such as Form 4340, can constitute proof of the fact that the assessments actually were made.")

> ***

(Doc. 50 at 14 (emphasis added).) Because the United States produced its Forms 4340 for the first time in its reply brief, thereby failing to give Cabral notice of this argument prior to filing his opposition, the district court did not rely on this evidence in its August 14, 2008 dismissal of Cabral's initial wrongful lien counterclaim. Now, however, Cabral has been given ample notice of the existence of the Forms 4340,[1] which constitute valid evidence of IRS notice to Cabral. *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992); *see also Hansen*

---

[1] In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High School,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004); *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989).

11

*v . United States*, 7 F.3d 137, 138 (9th Cir. 1993) (Form 4340 is "probative evidence in and of itself and in the absence of contrary evidence [is] sufficient to establish that notices and assessments were properly made.")(internal quotations and citations omitted). Cabral has failed to present (or even allege) any contrary or alternative facts to support his lack of notice allegation. Accordingly, his section 2410(a) counterclaim must be dismissed. *See Elias*, 908 F.2d at 528 (dismissing section 2410(a) claim because the complaint attached Form 6641 notices issued to taxpayer, which constitute satisfaction of IRS notice requirements).

Because Cabral has failed to plead his counterclaim for wrongful lien under 28 U.S.C. § 2410 with sufficient particularity and because the United States has produced evidence sufficient to rebut Cabral's lack of notice claim, the United States' motion to dismiss the wrongful lien claim is GRANTED WITH PREJUDICE because, after having been provided opportunity to amend, he has not done so.

C.  **Wrongful Levy (26 U.S.C. § 7426)**.

Title 26 U.S.C. § 7426(a)(1) provides that "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States...." 26 U.S.C. § 7426 (a)(1). There are three prerequisites to establish a section 7426 waiver:

>    (1) The person must not be one against whom is

12

N/A
N/A

    assessed the tax;

    (2) The person must claim a legally cognizable interest in the property; and

    (3) The property must have been wrongfully levied upon.

*Arford v. United States*, 934 F.2d 229, 232 (9th Cir. 1991). Waiver of the United States' sovereign immunity under § 7426 authorizing wrongful levy actions must be construed strictly in favor of the government. *See Sessler v. United States*, 7 F.3d 1449, 1451-52 (9th Cir. 1993).

  The United States argues, as it did in the first round of motions to dismiss, that section 7426 does not provide Cabral, as a potentially liable taxpayer, the means by which to challenge an assessment. The district court addressed this argument in its August 14, 2008 Decision:

> An "assessment cannot be challenged in a § 7426 action." *First American Title Ins. Co. v. United States*, 520 F.3d 1051, 1054 (9th Cir. 2008). The statute provides standing for third parties that have an interest in a levied property, but excludes from those authorized to bring a wrongful levy action, the taxpayer against whom the IRS seeks to collect taxes. 26 U.S.C. § 7426(a)(1); *Shannon v. United States*, 521 F.2d 56, 59 (9th Cir. 1975). Cabral is the person against whom the tax assessed. He is not a third party. Presumably Cabral and his wife jointly own the property as joint tenants.
>
> Cabral in response argues he is not challenging the validity of the assessment. However the contention that the levy should be against the property of his wife, who is the person he alleges is actually responsible for the tax debt is a challenge of the assessment. Cabral cites no case law or legal authority that provides for his assertion that an "innocent spouse" defense provides standing.
>
> The United States' motion to dismiss Cabral's section 7426 claim is GRANTED with leave to amend.

13

(Doc. 50 at 16-18.)

Because Cabral's amended complaint alleges nothing new and he has failed to oppose the United States' motion to dismiss this claim, there is no reason to depart from the prior decision. The United States' motion to dismiss the section 7426 counterclaims is GRANTED WITH PREJUDICE.

## V. CONCLUSION

For the reasons stated above,

A. FTB/EDD's motion to dismiss Cabral's wrongful lien and wrongful levy cross claims is GRANTED WITH PREJUDICE;

B. The United States's motion to dismiss Cabral's wrongful lien claim under 28 U.S.C § 2410 claim is GRANTED WITH PREJUDICE; and

C. The United States' motion to dismiss Cabral's wrongful levy claim under 26 U.S.C. § 7426 is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:   November 12, 2008                    /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE