# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:07cv01741 OWW DLB |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S<br>) MOTION TO COMPEL DEPOSITION |
| v. | ) (Document 65) |
| JOHN L. CABRAL, et al., | ) |
| Defendants. | ) |

Plaintiff United States of America ("Plaintiff") filed the instant motion to compel Defendant John L. Cabral ("Defendant") to appear at his deposition on October 17, 2008.  The matter was heard on November 21, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Aaron Bailey appeared on behalf of Plaintiff.  Defendant did not appear.

## **BACKGROUND**

Plaintiff filed this complaint to reduce federal tax assessments to judgment on November 30, 2007.  The assessments were made against Defendants John L. Cabral and Janet M. Cabral, and arose from federal tax liabilities against real property located in Stanislaus County.  Plaintiff seeks to foreclose on the two parcels and numerous other Defendants have been named who may claim an interest in the properties.

On October 17, 2008, Plaintiff filed the instant motion seeking to compel Defendant to appear for his deposition.  Defendant has not filed an opposition.

1

Since the filing of the motion, the Court has granted Defendant's attorneys' motion to withdraw as counsel. The motion was based on counsels' inability to communicate with Defendant, who is now proceeding pro se.

## **DISCUSSION**

Federal Rule of Civil Procedure 37 provides as follows:

(a) Motion for an Order Compelling Disclosure or Discovery.

> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> . . .

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

> (1) In General.
>
> > (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
> >
> > > (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
> > >
> > > (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> >
> > (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

On September 16, 2008, after discussing dates with Defendant's counsel, Plaintiff served a Notice of Deposition, setting the deposition for October 7, 2008. On the appointed day, counsel for Plaintiff appeared, along with Lewis R. Walton, counsel for Defendant. According to the transcript, Mr. Walton represented that Defendant would not appear at the deposition. He indicated that "defendant was advised multiple times of the time and place of the deposition." Exhibit C, attached to Declaration of G. Patrick Jennings. In his declaration in support of his motion to withdraw, Mr. Walton indicated that on October 6, 2008, he received a fax from

1  Defendant stating that he would not appear at the deposition. Mr. Walton was also unsure if
2  Defendant would cooperate with future discovery.
3      It appears, then, that Defendant deliberately chose not to attend his deposition. Plaintiff's
4  motion is therefore GRANTED. Defendant is ORDERED to appear at his deposition on
5  December 17, 2008. Plaintiff SHALL serve notice the deposition on Defendant as soon as
6  possible. Defendant is advised that failure to appear will result in further sanctions.
7      As to Plaintiff's request for sanctions for Defendant's initial failure to appear, the Court
8  will issue an order to show cause why sanctions should not be imposed.
9      Plaintiff's request to extend the November 21, 2008, discovery deadline is GRANTED and
10  the discovery cut-off is extended 90 days. Counsel shall circulate a stipulation to extend the
11  remaining dates.

   IT IS SO ORDERED.

   Dated:   **November 24, 2008**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE